**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **B.D., R.D., P.D., and K.D.-1**

**No. 24-614** (Wirt County CC-53-2023-JA-13, CC-53-2023-JA-14, CC-53-2023-JA-15, and CC-53-2023-JA-16)

## MEMORANDUM DECISION

Petitioner Father K.D.-2[1] appeals the Circuit Court of Wirt County's August 22, 2024, order terminating his parental rights to B.D., R.D., P.D., and K.D.-1, arguing that the circuit court erred by terminating his parental rights and denying him a post-dispositional improvement period.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On October 3, 2023, the DHS filed a petition alleging that the petitioner and the mother abused and neglected then-newborn K.D.-1, who was born with extensive medical issues and needed a feeding tube, by failing to learn how to feed the child with the assistance of hospital staff. The DHS also alleged that the parents engaged in domestic violence in the children's presence. The DHS further alleged that the petitioner verbally abused the mother by threatening her life and threatening to leave her, resulting in the mother being issued a temporary protective order. Subsequently, the mother and the children relocated to the maternal grandmother's home. However, the mother left the children at the grandmother's home when she returned to live with the petitioner and failed to instruct the grandmother how to prepare K.D.-1's food and change his feeding tube, necessitating the child's hospitalization for over two weeks.

---

[1] The petitioner appears by counsel Katrina M. Christ. The petitioner's brief was filed in accordance with Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure. The West Virginia Department of Human Services appears by Attorney General John B. McCuskey and Assistant Attorney General Heather Olcott. Counsel Michael D. Farnsworth Jr. appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Because one of the children and the petitioner share the same initials, we refer to them as K.D.-1 and K.D.-2, respectively.

1

After an initial adjudicatory hearing in January 2024 where the petitioner was adjudicated for medical neglect and granted a post-adjudicatory improvement period, the DHS filed an amended petition based upon his substance abuse. Specifically, the petitioner tested positive for methamphetamine and marijuana, at which time the court added regular drug screens to the terms of his improvement period. The petitioner was subsequently adjudicated of abusing and neglecting the children by abusing drugs to the detriment of his parenting skills.

In July 2024, the court held a dispositional hearing at which it determined that the mother had successfully completed her improvement period and ordered that the children be returned to her custody. Regarding the petitioner, the court found that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future because the petitioner failed to follow through with reasonable services or rehabilitative efforts, continually used drugs, and "exercised no effort to meaningfully participate." The court concluded that the children's welfare necessitated termination due to their need for continuity of care. Ultimately, the court terminated the petitioner's parental rights. It is from the dispositional order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T*., 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner advances several points but fails to provide "appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." W. Va. R. App. Proc. 10(c)(7). Further, the petitioner fails to cite to any legal authority supporting his arguments. For example, the petitioner asserts that he should have been given "the opportunity to participate in a meaningful dispositional improvement period" but does not provide a citation to the record where he moved for a post-dispositional improvement period, nor does he provide any authority governing improvement periods. Because this Court "may disregard errors that are not adequately supported by specific references to the record on appeal," we will not address the petitioner's baseless statements and undeveloped arguments. *Id.*

To the extent that the petitioner argues that termination of his parental rights was erroneous, we disagree. The petitioner briefly argues that because the mother retained her parental rights, the court should have terminated only his custodial rights. However, we have previously held that "simply because one parent has been found to be a fit and proper caretaker for [the] child does not automatically entitle the child's other parent to retain his/her parental rights if his/her conduct has endangered the child and such conditions of abuse and/or neglect are not expected to improve." *In re Emily*, 208 W. Va. 325, 344, 540 S.E.2d 542, 561 (2000). The conditions at issue below were not expected to improve, as the circuit court found that the petitioner did "not respond[] to or follow[] through with the reasonable services or other rehabilitative efforts designed to reduce or prevent abuse or neglect of the child as evidenced by the continued drug abuse which threaten the health, welfare and safety of the children." *See* W. Va. Code § 49-4-604(d)(3) (enumerating specific circumstances in which there is no reasonable likelihood that the conditions of abuse or

---

[3] The permanency plan for the children is to remain in the mother's care.

neglect can be remedied in the near future, including when a parent fails to follow through with services and rehabilitative efforts). The petitioner's unabated drug use and failure to participate in his improvement period support the court's findings that there was no reasonable likelihood that the conditions of abuse or neglect could be corrected in the near future and that the children's welfare necessitated termination, given their need for consistent caretakers. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit courts to terminate parental rights upon these findings). As such, we decline to disturb the circuit court's determinations in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 22, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: September 30, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison